(COMMON LAW.)

### VAN NESS *against* BUEL.

A collector of the customs, who makes a seizure of goods for an asserted forfeiture, and before the proceedings *in rem* are consummated by a sentence of condemnation, is removed from office, acquires an inchoate right by the seizure, which by the subsequent decree of condemnation gives him an absolute vested right to his share of the forfeiture, under the collection act of the 2d of March, 1799.

ERROR to the Circuit Court of Vermont.

This was an action of assumpsit, in which the defendant in error, Buel, declared against the plaintiff in error, Van Ness, in the money counts, and gave evidence that the sums of money, for the recovery of which this suit was brought, were the proceeds of a moiety of a certain seizure of goods as forfeited, which seizure was made in the district of Vermont, on the 6th of July, 1812, while the plaintiff below was collector of the

customs for said district, &c. which goods were libelled in September, 1812, in the District Court, and condemned at the October term of the Circuit Court, 1813. That the plaintiff below was appointed collector on the 16th of March, 1811, and remained in office until the 15th of February, 1813, when he was removed from office by the president, and the defendant below appointed to the same office; and received the proceeds of the goods condemned. That various other parcels of goods were seized, and libelled while the plaintiff below was collector, but were condemned after his removal from office, and the proceeds received by the defendant below. The Court below charged the jury, that the defendant in error was entitled to recover a moiety of the seizures so made by him during his continuance in office, and condemned after his removal. The jury found a verdict, and judgment was rendered for the plaintiff below; and a bill of exceptions having been taken to the charge of the Court below, the cause was brought by writ of error to this Court.

The cause was submitted without argument.

Mr. Justice STORY delivered the opinion of the Court. This case differs from that of Jones v. Shore's Executors,[a] in two circumstances; first, that this is the case of a *seizure* of goods for an asserted forfeiture ; and secondly, that before the proceedings *in rem* were consummated by a sentence, the collector who made the seizure was removed from office. In our

*a* 1 *Wheat.* 462.

1819.

Van Ness
v.
Buel.

*Feb. 8th.*

judgment, neither of these facts affords any ground to except this case from the principles which were established in Jones v. Shore's Executors. It was there expressly held, that the collector acquired an inchoate right by the seizure, which by the subsequent decree of condemnation gives him an absolute vested title to his share in the forfeiture.[b] Without overturning the doctrine of that case, the present is not susceptible of argument; and we, therefore, unanimously affirm the decision of the Circuit Court.

Judgment affirmed.

[b] Under the collection act of the 2d of March, 1799, c. 128. and other laws adopting the provisions of that act, the 89th section of which enjoins the collector, within whose district a seizure shall be made or forfeiture incurred, to cause suits for the same to be commenced without delay, and prosecuted to effect; and authorizes him to receive from the Court, in which a trial is had, or from the proper officer thereof, the sums so received, after deducting the proper charges, and on receipt thereof, requires him to pay, and distribute the same without delay, according to law, and to transmit, quarterly or yearly, to the treasury, an account of all the moneys received by him for fines, penalties, and forfeitures, during such quarter. The 91st section declares, that all fines, penalties, and forfeitures, recovered by virtue of the act, and not otherwise appropriated, shall, after deducting all proper costs and charges, be disposed as follows: " one moiety shall be for the use of the United States, &c., paid into the treasury thereof by the collector receiving the same; the other moiety shall be divided between, and paid in equal proportions, to the collector and naval officer of the district, and surveyor of the port, wherein the same shall have been incurred, or to such of the said officers as there may be within the same district; and in districts where only one of the said officers shall have been established, the said

moiety shall be given to such officer." Then follow provisions concerning the distribution, where the recovery has been had in pursuance of information given by an informer, or by any officer of a revenue cutter.